```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
OSCAR SERRA, pro se,                               :
                                                   :
                    Petitioner,                    :
                                                   :        SUMMARY ORDER
            -against-                              :        10-CV-03044 (DLI)
                                                   :
DUKE TERRELL,                                      :
                                                   :
                    Respondent.                    :
---------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Petitioner Oscar Serra filed the instant *pro se*[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a reduction of his sentence due to the alleged harsh conditions of confinement at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. For the reasons set forth below, the petition is dismissed.

On April 9, 2007, Petitioner pled guilty to conspiracy to import cocaine in violation of 21 U.S.C. §§ 960 and 963. (Pet'r's Appl. For Writ of Habeas Corpus at 1-2, Docket Entry No. 1.) On November 1, 2007, the Court sentenced Petitioner to 46 months in prison and five years of supervised release. (Gov't Mem. in Opp'n to Pet'r's Appl. for Writ of Habeas Corpus ("Gov't Resp.") at 2, Docket Entry No. 4.)

Petitioner was released from custody at the MDC on May 6, 2011. (Gov't Letter, dated January 6, 2012, Docket Entry No. 8.) He is currently under supervised release, which is scheduled to terminate on May 5, 2016. (*Id.*)

Title 28, Section 2241 permits habeas corpus review for federal prisoners "in custody in

---

[1] As Petitioner is proceeding *pro se*, his submission is held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, therefore, construes his submissions liberally and interprets them as raising the strongest arguments they suggest.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner may use 28 U.S.C. § 2241 to challenge the manner in which his sentence is being executed, including prison disciplinary actions, prison transfers, type of detention and prison conditions. *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before seeking habeas relief under Section 2241, however, prisoners must exhaust any available administrative remedies, or else justify the failure to exhaust these remedies.[2] *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). There is no indication in the record from either party whether Petitioner has exhausted those remedies.

Petitioner requests a sentence reduction based on a misunderstanding of Sentencing Guidelines § 5K2.0, which permits downward departures from the Guidelines for harsh pre-trial conditions of confinement, but which cannot be applied retroactively to reflect post-conviction conditions. *Medina-Rivera v. Terrell*, 2011 WL 3163199, *2 (E.D.N.Y. July 26, 2011). Additionally, Petitioner has not satisfied any of the conditions under which a federal court is authorized to modify a sentence ex post facto. *See* 18 U.S.C. § 3582(c); *Jenkins v. United States*, 246 F. R. D. 138, 141 (E.D.N.Y. 2007). Consequently, Petitioner is procedurally barred from bringing this petition for resentencing under § 5K2.0(2)(A).

The Petitioner's desired remedy—a sentence reduction—is not of the type that can be granted in response to claims regarding conditions of confinement under § 2241. *Medina-Rivera*,

---

*Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).
[2] A federal inmate challenging the conditions of his confinement must follow the Administrative Remedy Program developed by the BOP. *Johansson v. Strada*, 2012 WL 6093534, at *3 (E.D.N.Y. Dec. 7, 2012) (citing 28 C.F.R. §§ 542.10-19). "This program has four steps, each of which must be exhausted: (1) attempt to resolve the issue informally; (2) submit a formal written Administrative Remedy Request to the institution; (3) appeal any unfavorable decision by the institution to the Regional Director of the BOP; and (4) appeal any unfavorable decision by the Regional Director to the BOP's General Counsel." *Id.*

2011 WL 3163199 at *2. Instead, the proper remedy for Petitioner's claim is the improvement of his allegedly harsh conditions of confinement. Although Petitioner has requested a remedy that does not properly correspond to his § 2241 challenge, the Court could liberally read the petition to include a request for injunctive relief from the alleged conditions of confinement, as he is a *pro se* litigant. *See Thompson v. Choinski*, 525 F. 3d 205, 209 (2d Cir. 2008). Even so, and assuming the Petitioner exhausted all administrative remedies or otherwise justified the failure to do so, the petition would still be dismissed as moot. Here, Petitioner's release from custody from the MDC renders this action moot because it precludes the Court from providing any "effectual relief." *Levine*, 455 F. 3d at 778; *see Razzoli v. Strada*, 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) ("A § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility." (citing *Thompson*, 525 F. 3d at 209)); *Geddes v. Lindsay*, 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any 'effectual relief.'" (quoting *Levine*, 455 F.3d at 78)).

## **CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2013                       _____/s/_____
                                                              DORA L. IRIZARRY
                                                     United States District Judge